## SEIBER, Estate of, In Re

Ohio Appeals, 3rd Dist, Allen Co

No 602. Decided Jan 18, 1933

Clarence Klinger, Lima, for plaintiff in error.

Melvin C. Light, Lima, and Cable & Cable, Lima, for defendant in error.

RICHARDS, J.

A careful examination of the record discloses that the will of the testator F. X. Seiber, was not introduced in evidence nor are its contents disclosed in the record. The evidence, however, shows that A. H. Brugner was a son in law of the testator and was named in the will, as executor and trustee of the estate. He appears to have made a final settlement as executor, and thereafter continued to act as trustee.

At the beginning of this case we are confronted with the fact that we have no evidence showing what was the extent of his authority as trustee. His father in law, the testator, seems to have reposed implicit confidence in him, and for aught that appears in the record, may have empowered and authorized him to handle the estate as trustee in such a way as might seem to the trustee fit and proper. Indeed, the testator may have given the trustee as full authority as he himself had in handling his estate.

We are not authorized to presume what power was or was not conferred upon the trustee, nor can this court take judicial notice of the contents of the will. Even if we should assume that the Probate Court did or could take judicial notice of the contents of the will, and that the Court of Common Pleas on appeal could have done the same, there is nothing in the record to show that either court did take such notice, and certainly this court, in a pro-

ceeding in error, is without power to take judicial notice of whatever power may have been conferred upon the trustee by the terms of the will. The case of **Burke v McKee et, 30 Oh Ap, 236, 238,** is an authority against the right of this court to take judicial notice. Everything will be presumed in favor of the judgment rendered by the trial court.

As no prejudicial error appears upon the face of the record, the judgment must be affirmed. Judgment affirmed.

CROW, PJ, and KINDER, J, concur.